IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JEROME D. JOHNSON                                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 1:07cv539LG-JMR

DONALD A. CABANA, et al.                                          DEFENDANTS

## REBUTTAL TO RESPONSE TO ORDER (DN9), RESPONSE TO ORDER (DN16) AND REQUEST TO ADD DOCUMENTS (DN17)

COMES NOW Defendants, Warden Donald Cabana, Officially and in His Individual Capacity; Earl Leonard, in his official and individual capacity; Carolyn Pendergast, in her official and individual capacity; Steve Campbell, in his official and individual capacity; George H. Payne, Jr., in his official and individual capacity; Kenneth Rogers, in his official and individual capacity; Nathan Ellsberry, in his official and individual capacity; and Elaine Lege, in her official and individual capacity, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to the Federal Rules of Civil Procedure, file this Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint (DN 1), Response to Order (DN 9), Response to Order (DN 16), Request to Add Documents (DN 17), Response to Request to Amend Complaint (DN 10), and Response to Request to Amend Complaint (DN 18), as follows, to wit:

### FIRST DEFENSE

The Plaintiff's Complaint (DN 1), Response to Order (DN 9), Response to Order (DN 16), Request to Add Documents (DN 17), Request to Amend Complaint (DN 10), and Request to Amend

Complaint (DN 18), all fail to state a claim upon which relief can be granted and this cause of action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et. seq., including the notice requirements of §11-46-11.

**THIRD DEFENSE**

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

**FOURTH DEFENSE**

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

**FIFTH DEFENSE**

The subject of the Plaintiff's allegations do not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by these Defendants. These Defendants neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

## <u>COMPLAINT (DN 1)</u>

_____AND NOW, in response to the allegations of the Complaint filed on April 16, 2007, these Defendants answer Paragraph by Paragraph as follows:

OTHER LAWSUITS FILED BY PLAINTIFF

In response to the allegations contained in the Paragraph entitled "OTHER LAWSUITS FILED BY PLAINTIFF," including all its subparts, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

PARTIES: PLAINTIFF

In response to the allegations in Paragraph I of the Complaint on Page 2, Defendants admit that the Plaintiff (Prisoner Number: 287256) is currently incarcerated at the Harrison County Adult Detention Center (hereinafter "HCADC"), located at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503. Check one more time to see if he is there.

PARTIES: DEFENDANTS

In response to the allegations of Paragraph II of the Complaint on Page 2, entitled "Defendant", Defendants will answer subsection by subsection as follows:

A. Defendants admit that the Plaintiff is Jerome D. Johnson, and his current address is 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

B. Defendants admit that "Warden Cabana" (Donald A. Cabana) is a Warden and named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport Mississippi 39503" is the correct and/or legal name and address of the facility to which he is employed as Warden. Donald A. Cabana is Warden of the HCADC; located at 10451 Larkin Smith Drive,

Gulfport, Mississippi 39503. Defendants would further show that all of the allegations against this Defendant are unfounded and hereby denied in there entirety.

_____C. Defendants admit that "Captain Gaston" (Rick Gaston) is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport Mississippi 39503" is the correct and/or legal name and address of the facility to which he was formerly employed. Defendants would show that Rick Gaston is not represented by counsel of record for these Defendants, and no further answer will be required.

D. Defendants admit that "Captain Campbell" (Steve Campbell) is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport Mississippi 39503" is the correct and/or legal name and address of the facility to which he was employed. Steve Campbell was a Captain at the HCADC; located at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503. Defendants would further show that all of the allegations against this Defendant are unfounded and hereby denied in their entirety.

E. Defendants admit that "Sargent Leonard" (Earl Leonard) is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport Mississippi 39503" is the correct and/or legal name and address of the facility to which he is employed, and would deny that Earl Leonard's title was that of Sargent; rather he is a Lieutenant at the HCADC; located at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503. Defendants would further show that all of the allegations against this Defendant are unfounded and hereby denied in their entirety.

F. Defendants admit that "Investigator Carolyn Pendergast" is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport Mississippi 39503" is the correct and/or legal name and address of the facility to which she is employed. Carolyn Pendergast is an Investigator at HCADC; located at 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

Defendants would further show that all of the allegations against this Defendant are unfounded and hereby denied in their entirety.

## ATTACHMENT TO FORM

In response to the allegations contained in the Paragraph entitled "ATTACHMENT TO FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT . . .," including all its subparts, Defendants would admit that the Plaintiff was incarcerated at the time of the incident because he had been convicted of a crime, but the Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

## ADMINISTRATIVE REMEDIES PROGRAM

In response to the allegations contained in the Paragraph entitled "ADMINISTRATIVE REMEDIES PROGRAM," including all its subparts, Defendants would admit that the Plaintiff was incarcerated at the time due to conviction of a crime and for a parole/probation violation, but the Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied. The Defendants would specifically deny the allegation that the Plaintiff was given "a run around" regarding the Administrative Remedies Program, and would show that the Plaintiff failed to exhaust his remedies therein.

## STATEMENT OF CLAIM

In response to the allegations contained in Paragraph III entitled "STATEMENT OF CLAIM" beginning on Page 5 and including all Exhibits attached thereto (including but not limited to Exhibits A - M), upon information and belief, the Defendants would admit that on September 1, 2006 a search

for contraband was conducted of the Plaintiff's cell and area; that the Plaintiff was later charged with Sexual Battery against another inmate; that a warrant was issued for the Plaintiff's DNA; that photographs were taken of the Plaintiff's tattoos; that the Plaintiff had been appointed and was represented by a Public Defender at the Preliminary Hearing for Sexual Battery. However, Defendants are currently without knowledge or information sufficient to form a belief as to the truth of all allegations contained herein. Therefore, out of an abundance of caution, all remaining allegations contained in Paragraph III, beginning on Page 5 and including Exhibits A - M, and all subparts, are denied. Defendants would specifically show however they did not commit any act or omission which would constitute a violation of the Plaintiff's constitutional or other rights, and/or amount to an actionable tort against these Defendants.

RELIEF

_____In response to the allegations contained in Paragraph IV entitled "RELIEF" on Page 5 of the Complaint, Defendants deny all allegations contained therein and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

Defendants specifically deny each and every allegation of Plaintiff's Complaint, and any and all related Exhibits which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

**RESPONSE TO ORDER (DN 9)**

AND NOW, in response to the allegations of the Response to Order (DN 9), filed on June 20, 2007, these Defendants answer Paragraph by Paragraph as follows:

1. In response to the statements contained in Paragraph 1., these statements do not require a response from these answering Defendants as phrased.

(a)  In response to the allegations contained in the proceeding Paragraph (a), beginning on Page 1 and including "Amendment - A", upon information and belief, the Plaintiff was indicted and convicted on charges of Uttering Forgery.  However, Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations herein.  Therefore, out of an abundance of caution, these allegations are denied.

(b)  In response to the allegations contained in proceeding Paragraph (b), beginning on Page 2,  Defendants would admit that the Plaintiff was charged with the Sexual Battery of another inmate, but, upon information and belief, the remaining allegations are denied.

(c)   In response to the statements contained in Paragraph (c), the Defendants would admit that these are the first and last names of these named Defendants, but would deny that they are liable to the Plaintiff for any claim alleged against them.

(d)  In response to the allegations contained in proceeding Paragraph (d), beginning on Page 2 and including "Amendment - D", these allegations are denied.

1.  In response to the allegations contained in proceeding Paragraph 1., beginning on Page 2 and including "Amendment - D", these allegations are denied.

2.  In response to the allegations contained in proceeding Paragraph 2., beginning on Page 2, these allegations are denied.

3.  In response to the allegations contained in proceeding Paragraph 3., beginning on Page 3, these allegations are denied.

(e)  In response to the allegations contained in proceeding Paragraph (e), beginning on Page 3 and including "Amendment - C", these allegations are denied.

1. In response to the allegations contained in proceeding Paragraph 1., beginning on Page 3, Defendants would admit that Lieutenant Leonard was the initial reporting officer, but the Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

2. In response to the allegations contained in proceeding Paragraph 2., beginning on Page 3, these allegations are denied.

3. In response to the allegations contained in proceeding Paragraph 3., beginning on Page 3, these allegations are denied.

4. In response to the allegations contained in proceeding Paragraph 4., beginning on Page 4, these allegations are denied.

(f) In response to the allegations contained in proceeding Paragraph (f), beginning on Page 4 and including "Amendment - B", these allegations are denied.

1. In response to the allegations contained in proceeding Paragraph 1., beginning on Page 4, these allegations are admitted.

2. In response to the allegations contained in proceeding Paragraph 2., beginning on Page 4, Defendants would admit that during the investigation of Sexual Battery the Plaintiff alleged he had been asleep at the time of the incident. However, this admission is only to the extent that he made such an allegation, not as to its veracity, and is thus denied on those terms.

3. In response to the allegations contained in proceeding Paragraph 3., beginning on Page 4, these allegations are admitted.

4. In response to the allegations contained in proceeding Paragraph 4., beginning on Page 4, these allegations are admitted.

5. In response to the allegations contained in proceeding Paragraph 5., beginning on Page 4, upon information and belief, these allegations are denied.

6. In response to the allegations contained in proceeding Paragraph 6., beginning on Page 5, Defendants would admit that Carolyn Pendergast did "everything legal and by the book", but the remaining allegations are denied.

7. In response to the allegations contained in proceeding Paragraph 7., beginning on Page 5, these allegations are denied.

8. In response to the allegations contained in proceeding Paragraph 8., beginning on Page 5, these allegations are denied.

(g) In response to the allegations contained in proceeding Paragraph (g), beginning on Page 6 and including "Amendment - F" and subparts 1. and 2., these allegations are not directed at these answering Defendants. However, out of an abundance of caution, these allegations are denied.

(h) In response to the allegations contained in proceeding Paragraph (h), beginning on Page 7, these allegations are denied.

1. In response to the allegations contained in proceeding Paragraph 1., beginning on Page 7, Defendants would admit that Steve Campbell investigated the Sexual Assault alleged against the Plaintiff, but the remaining allegations are denied.

2. In response to the allegations contained in proceeding Paragraph 2., beginning on Page 7, these allegations are denied.

3. In response to the allegations contained in proceeding Paragraph 3., beginning on Page 7, these allegations are denied.

Defendants specifically deny each and every remaining allegation of Plaintiff's Response to Court Order (DN 9), filed on June 20, 2007, and any and all related "Exhibits", "Amendments", and

"Conclusions" which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

## RESPONSE TO ORDER (DN 16)

_____AND NOW, in response to the allegations of the Response to Court Order (DN 16), filed on November 5, 2007 (including but not limited to Paragraphs (a) - (d), Amendments A - F, and all other subparts, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof), Defendants are without knowledge or information sufficient to form a belief as to the truth of all allegations. Therefore, out of an abundance of caution, these allegations are denied.

## REQUEST TO ADD DOCUMENTS (DN 17)

AND NOW, in response to the allegations of the Request to Add Documents (DN 17), filed on November 7, 2007, these Defendants answer Paragraph by Paragraph as follows:

I. In response to the statements contained in Paragraph I, beginning on Page 1, these allegations are denied.

II. In response to the statements contained in Paragraph II, beginning on Page 2, these allegations are denied.

III. In response to the statements contained in Paragraph III, beginning on Page 2, to the extent this allegation seeks to impose liability upon these Defendants, such allegation is denied.

IV. In response to the statements contained in Paragraph IV, beginning on Page 3 and including "Exhibits A - thru - R"[1], upon information and belief, Defendants would admit that the Plaintiff was involved in an incident on or about August 29, 2007, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

---

[1] Note: DN 17 only includes Exhibits A - G.

Therefore, out of an abundance of caution, these allegations are denied.

V.  In response to the statements contained in Paragraph V, beginning on Page 4, these allegations are denied.

VI.  In response to the statements contained in Paragraph VI, beginning on Page 4, Defendants would admit that Exhibits A - G are official forms/reports/records/etc. of the Harrison County Sheriff's Department and HCADC, but to the extent this allegation seeks to impose liability upon these Defendants, such allegation is denied.

Defendants specifically deny each and every remaining allegation of the Plaintiff's Request to Add Documents (DN 17), filed on November 7, 2007, and any and all related "Exhibits", "Amendments", and "Conclusions" which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

## RESPONSE TO AMEND COMPLAINT (DN 10)

AND NOW, in response to the allegations of the Request to Amend Complaint (DN 10), filed on August 27, 2007, these Defendants answer Paragraph by Paragraph as follows:

PARTIES

In response to the statements contained in the first unnumbered Paragraph, beginning on Page 2, these allegations are admitted.

In response to the statements contained in the second unnumbered Paragraph, beginning on Page 2, Defendants would show that Donald Cabana became Warden of the HCADC in August 2006, to the extent that any incidents relating to this cause of action occurred prior to this time, these allegations are denied.  Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the third unnumbered Paragraph, beginning on Page 2, these allegations are admitted. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the fourth unnumbered Paragraph, beginning on Page 2, these allegations are admitted. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the fifth unnumbered Paragraph, beginning on Page 2, Defendants would deny that Steve Campbell is a member of the Criminal Investigation Division ("CID"), rather Steve Campbell is Captain of Internal Affairs at the HCADC. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the sixth unnumbered Paragraph, beginning on Page 2, these allegations are admitted. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the seventh unnumbered Paragraph, beginning on Page 2, Defendants would admit to these allegations, but would show that Earl Leonard is now a Lieutenant at the HCADC. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the eighth unnumbered Paragraph, beginning on Page 3, these allegations are admitted. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the ninth unnumbered Paragraph, beginning on Page 3, Defendants would show that this allegation is not directed at these answering Defendants

but would state that Rick Gaston was employed at the HCADC during the relevant times of this incident.

In response to the statements contained in the tenth unnumbered Paragraph, beginning on Page 3, Defendants would admit to these allegations, but would show that Elaine Lege is now a Captain at the HCADC. Defendants would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

FACTS

In response to the statements contained in the first unnumbered Paragraph, beginning on Page 3, upon information and belief, Defendants would admit that on or about August 2006 the Plaintiff was assigned and resided in Cell 213, C-Block D-Section, and that the Plaintiff's cell mate at some point was Joseph Kane Guilbeau , but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, the remaining allegations are denied.

In response to the statements contained in the second unnumbered Paragraph, beginning on Page 3, Defendants would admit that on September 1, 2006 an inspection and search for contraband of C-Block D-Section was conducted and that the Plaintiff was later transferred to B-Block D-Section, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the third unnumbered Paragraph, beginning on Page 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of all the allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the fourth unnumbered Paragraph, beginning on Page 4, these allegations are admitted.

In response to the statements contained in the fifth unnumbered Paragraph, beginning on Page 4, Defendants would admit that on or about September 6, 2006, the Plaintiff was arraigned and charged with Sexual Battery and bond was set at $100,000, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the sixth unnumbered Paragraph, Defendants would admit that photographs were taken of the Plaintiff's tattoos, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the seventh unnumbered Paragraph, beginning on Page 4, Defendants would admit that the inmate who alleged Sexual Battery against the Plaintiff had picked him out of a photo lineup, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the eighth unnumbered Paragraph, beginning on Page 5, Defendants would admit that on September 20, 2006 the Plaintiff was bound over to await the action of the grand jury, but these Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, these allegations are denied.

In response to the statements contained in the ninth unnumbered Paragraph, beginning on Page 5, upon information and belief, these allegations are denied.

In response to the statements contained in the tenth unnumbered Paragraph, beginning on Page 5, these allegations are denied.

In response to the statements contained in the eleventh unnumbered Paragraph, beginning on Page 5, these allegations are denied.

In response to the statements contained in the twelfth unnumbered Paragraph, beginning on Page 5, these allegations are denied.

In response to the statements contained in the thirteenth unnumbered Paragraph, beginning on Page 5, these allegations are denied.

In response to the statements contained in the fourteenth unnumbered Paragraph, beginning on Page 6, these allegations are denied.

In response to the statements contained in the fifteenth unnumbered Paragraph, beginning on Page 6, these allegations are denied.

In response to the statements contained in the sixteenth unnumbered Paragraph, beginning on Page 6, these allegations are denied.

In response to the statements contained in the seventeenth unnumbered Paragraph, beginning on Page 6, these allegations are denied.

In response to the statements contained in the eighteenth unnumbered Paragraph, beginning on Page 6, these allegations are denied.

In response to the statements contained in the nineteenth unnumbered Paragraph, beginning on Page 7, these allegations are denied.

In response to the statements contained in the unnumbered Paragraph beginning with "WHEREFORE", beginning on Page 7, these allegations are denied, and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

Defendants specifically deny each and every remaining allegation of the Plaintiff's Request to Amend Complaint (DN 10), filed on August 27, 2007, and any and all related allegations which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof . Defendants would also specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

## RESPONSE TO MOTION TO AMEND (DN 18)

AND NOW, in response to the allegations of the Request to Amend Complaint (DN 18), filed on November 28, 2007, these Defendants answer Paragraph by Paragraph as follows:

I. In response to the statements contained Paragraph I, beginning on Page 1, and to the extent that these answering defendants are implicated, these allegations are denied.

II. In response to the statements contained in Paragraph II, beginning on Page 2, these allegations are denied.

III. In response to the statements contained in Paragraph III, beginning on Page 2, Defendants would admit that in November 2007 the Plaintiff received an Order from the Circuit Court indicated that a "No True Bill" had been returned from the Grand Jury on the Plaintiff's Sexual Assault charge, but would deny the remaining allegations.

IV. In response to the statements contained in Paragraph IV, beginning on Page 3, to the extent this allegation seeks to impose liability upon these defendants, it is denied.

V.  In response to the statements contained in Paragraph V, beginning on Page 3, these allegations are denied.

VI.  In response to the statements contained in Paragraph VI, beginning on Page 5, these allegations are denied.

VII.  In response to the statements contained in Paragraph VII, beginning on Page 6, these allegations are denied; including the assertion that all of the identified documents show a "misappropriation of justice".  Defendants further deny all other unnumbered and/or unlettered Paragraphs therein and would specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

In response to the statements contained in the unnumbered Paragraph beginning with "WHEREFORE", beginning on Page 8, these allegations are denied, and specifically that Defendants are in any manner liable to Plaintiff for any sum or damages whatsoever.

In response to the statements contained in the remaining unnumbered Paragraphs beginning on page 10, these allegations are denied and specifically that the Plaintiff is entitled to any relief requested therein.

Defendants specifically deny each and every remaining allegation of the Plaintiff's Request to Amend Complaint (DN 18), filed on November 28, 2007, and any and all related allegations which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.  Defendants would also specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

## **AFFIRMATIVE DEFENSES**

AND NOW, having answered the Complaint (DN 1), Plaintiff's Response to the Court's Order (DN 9), the Response to the Court's Order ( DN 16), the Request to Add Documents (DN 17),

the Request to Amend Complaint (DN 10), and the Request to Amend Complaint (DN 18), these answering Defendants assert the following defenses and affirmative defenses to be shown and proven at a trial or a hearing of this matter:

I.

The Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office and/or HCADC which later could have led to the alleged constitutional deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1983.

II.

Defendants invoke the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

III.

This Defendants plead all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. These Defendants state that they are protected by sovereign and absolute immunity. These Defendants, in their individual capacities, states that they are protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiffs' pleadings.

IV.

To the extent the Plaintiff's Complaint (DN 1), Response to the Court's Order (DN 9), the Response to the Court's Order ( DN 16), the Request to Add Documents (DN 17), the Request to Amend Complaint (DN 10), and the Request to Amend Complaint (DN 18), raise any claim under Mississippi law, these Defendants specifically plead all protections to which they are entitled

pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

V.

These Defendants specifically plead Miss. Code Ann. 11-46-9(1)(c) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

VI.

These Defendants specifically plead Miss. Code Ann. 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary or function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

VII.

These Defendants specially plead Miss. Code Ann. § 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

VIII.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by these Defendants were reasonable, proper, and complied with

any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff. These answering Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, these answering Defendants would show that all policies and procedures pertaining to the operation and staff of the HCADC were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

IX.

These Defendants would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendants acted in a professional manner and conducted any and all of their interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures. Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly. As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

X.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

XI.

That the Defendants reserve their right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to

these allegations, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate his damages and Defendants are therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

XII.

Defendant specifically pleads the doctrines of contributory and comparative negligence.

XIII.

Defendants would show that the Plaintiff's Complaint (DN 1), Response to the Court's Order (DN 9), the Response to the Court's Order ( DN 16), the Request to Add Documents (DN 17), the Request to Amend Complaint (DN 10), and the Request to Amend Complaint (DN 18), to the extent that they seek punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees these Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of

punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

## XIV.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that theses Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

## XV.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office and/or the HCADC which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

## XVI.

To the extent the Plaintiff has not exhausted his administrative remedies, these Defendants would show that this cause of action should be dismissed.

## XVII.

These Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

XVIII.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by these Defendants were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for protection from harm from other inmates. These answering Defendants would further show that all officers were properly and adequately trained and supervised. Additionally, these answering Defendants would show that any and all policies and procedures pertaining to the operation and the staff of the HCADC were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

XIX.

Defendants would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendants would further show that they did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did they respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XX.

These Defendants would show and aver that any damages incurred, the same being denied, were solely, directly, and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than these answering Defendants, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part

of the Plaintiff and/or other persons absolve the answering Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against these answering Defendants.

XXI.

Defendant would show that any and all actions taken on their part were in a good faith effort to maintain order and discipline at the HCADC.

XXII.

Defendants specifically assert that any cause of action asserted by the Plaintiff is barred by the applicable statute of limitations.

XXIII.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against a municipality.

XXIV.

The Subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by these Defendants. These Defendants neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of the Plaintiff.

XXV.

These Defendants specifically deny each and every material allegation of the Plaintiff's Complaint (DN 1), Response to the Court's Order (DN 9), the Response to the Court's Order ( DN

16), the Request to Add Documents (DN 17), the Request to Amend Complaint (DN 10), and the Request to Amend Complaint (DN 18), and all Exhibits/Attachments/Amendments/Conclusions which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

XXVI..

These Defendants further reserve the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue. The Plaintiff's claims against these Defendants are at best "vague and ambiguous", and as to what legal grounds are asserted. As such, these Defendants reserve the right to amend or supplement upon a cognizable legal claim.

AND NOW, having fully answered and set forth their Answer, Defenses, and Affirmative Defenses to the Plaintiff's Complaint (DN 1), Response to the Court's Order (DN 9), the Response to the Court's Order ( DN 16), the Request to Add Documents (DN 17), the Request to Amend Complaint (DN 10), and the Request to Amend Complaint (DN 18), these Defendants respectfully request that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this the 24th day of January, 2008.

> Warden Donald A. Cabana, Earl Leonard, Carolyn Pendergast, Steve Campbell, George H . Payne, Jr., Kenneth Rogers, Nathan Ellsberry and Elaine Lege, All Officially and in Their Individual Capacities,  Defendants
>
> **BY:   DUKES, DUKES, KEATING & FANECA, P.A.**
>
>
> BY:    *s/Cy Faneca*
>          CY FANECA

## CERTIFICATE OF SERVICE

I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail,

postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the

following:

> Jerome D. Johnson, #287256
> Harrison County Adult Detention Center
> 10451 Larkin Smith Drive
> Gulfport, Mississippi  39503

This, the 24th day of January, 2008.

> _s/Cy Faneca_ 
> CY FANECA

Cy Faneca,  MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886