IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JEROME D. JOHNSON                                          PLAINTIFF

V.                                        CASE NO.  1:07CV539LG-JMR

DONALD A CABANA, ET AL.                                   DEFENDANTS


ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES
TO COMPLAINT (DN 1), REQUEST TO AMEND COMPLAINT (DN 10)
AND REQUEST TO AMEND COMPLAINT (DN 18)

COMES NOW the Defendant, Rick Gaston, Officially and in his Individual
Capacity, by and through his undersigned attorneys JIM DAVIS and IAN A. BRENDEL,
pursuant to the Federal Rules of Civil Procedure, and file this Answer, Defenses and
Affirmative Defenses to Plaintiff's Complaint (DN 1), Response to Order (DN 9),
Request to Amend Complaint and Add Additional Defendants (DN 10), Response to
Order (DN 16), Request to Add Documents (DN 17), and Request to Amend Complaint
and Add Additional Defendants (DN 18) as follows, to-wit:

FIRST DEFENSE

The Plaintiff's Complaint (DN 1), Response to Order (DN 9), Request to Amend
Complaint and Add Additional Defendants (DN 10), Response to Order (DN 16),
Request to Add Documents (DN 17), and Request to Amend Complaint and Add
Additional Defendants (DN 18) each fail to state a claim upon which relief can be
granted and the above-entitled and numbered cause should be dismissed pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

As for claims Plaintiff has raised under Mississippi law, Plaintiff has failed to comply with the mandates of the Mississippi Tort Claims Act, Miss. Code Ann. Sec. 11-46-1, et. seq., including the notice requirements of Section 11-46-11.

## THIRD DEFENSE

This Defendant specifically reserves and invokes all other rights and defenses available unto him, including but not limited to, those set forth in Rules 8©, 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good faith legal and factual basis exists in his favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claim, this answering Defendant acted in a reasonable manner and in good faith while in the course and scope of his employment and in the execution of his official duties, and therefore, this answering Defendant is immune from liability.

## FIFTH DEFENSE

The allegations contained Plaintiff's Complaint and supplemental pleadings do not involve any implementation or execution of any policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by this Defendant. This Defendant neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

<u>COMPLAINT (DN 1)</u>

AND NOW, in response to the Complaint (DN 1) filed on April 16, 2007, this Defendant, RICK GASTON, answers Paragraph by Paragraph as follows:

OTHER LAWSUITS FILED BY PLAINTIFF

In response to the allegations contained in the Paragraph entitled "OTHER LAWSUITS FILED BY PLAINTIFF," this Defendant is without sufficient knowledge or information as to the truth of said allegations, and therefore, out of an abundance of caution, this Defendant denies these allegations.

PARTIES

In response to Paragraph I, this Defendant admits that Jerome D. Johnson is the Plaintiff in this case, but is unable to verify Plaintiff's address at the time of filing his Complaint;  that it is believed by this Defendant that the Plaintiff's current address as of February 1, 2008, is the Jackson County Work Center, 1721 Kenneth Avenue, Pascagoula, MS  39567.

In response to Paragraph II, this Defendant admits that "Warden Cabana" is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport, Mississippi  39503" is the correct and/or legal name and address of the facility to which he is employed.  This Defendant would show that "Warden Cabana" is not represented by counsel of record for this answering Defendant, and no further answer will be required.

This Defendant admits that "Captain Gaston" (RICK GASTON) is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport,

Mississippi 39503" is the correct and/or legal name and address of the facility to which this Defendant was formerly employed. This Defendant would further show that all of the allegations asserted against this answering Defendant are unfounded and hereby denied in their entirety.

This answering Defendant admits that "Captain Campbell" is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport, Mississippi 39503" is the correct and/or legal address of the facility at which he now or was employed. This Defendant would further show that "Captain Campbell" is not represented by counsel of record for this answering Defendant, and no further answer will be required.

This Defendant admits that "Sergeant Leonard" is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport, Mississippi 39503" is the correct and/or legal address of the facility at which he now or was employed. This Defendant would further show that "Sergeant Leonard" is not represented by counsel of record for this answering Defendant, and no further answer will be required.

This Defendant admits that "Investigator Carolyn Pendergast" is a named Defendant, but would deny that "Harrison County Jail, Sheriff Department, Gulfport, Mississippi 39503" is the correct and/or legal address of the facility at which she now or was employed. This answering Defendant would further show that "Investigator Carolyn Pendergast" is not represented by counsel of record for this answering Defendant, and no further answer will be required.

ATTACHMENT TO FORM…

In response to the allegations contained in the Paragraph entitled, "ATTACHMENT TO FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT UNDER CIVIL RIGHTS ACT, 42 U.S.C. Sec. 1983," this answering Defendant admits that Plaintiff was incarcerated at the time of the incident because he had been convicted of a crime, but this Defendant is without sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph. Therefore, out of an abundance of caution, this Defendant denies the remaining allegations contained in this paragraph.

## ADMINISTRATIVE REMEDIES PROGRAM

In response to Subpart A under the heading entitled "ADMINSTRATIVE REMEDIES PROGRAM," this Defendant admits that the Plaintiff was incarcerated at the time of the incident complained of because he had been convicted of a crime, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Subparts B and C, and therefore, out of an abundance of caution, this Defendant denies same.

## STATEMENT OF CLAIM

In response to the allegations contained in Paragraph III entitled "STATEMENT OF CLAIM, " including all Exhibits attached thereto, upon information and belief, this Defendant admits that on September 1, 2006, a search for contraband was conducted of the Plaintiff's cell and area; that the Plaintiff was subsequently charged with Sexual Battery against another inmate; that a warrant was issued and served for the Plaintiff's DNA; that photographs were taken of Plaintiff's tattoos, that the Plaintiff was appointed

and was represented by a Public Defender at the Preliminary Hearing on the Sexual Battery Charge. As to the remaining allegations contained in Paragraph III, STATEMENT OF CLAIM, including all attached exhibits thereto, this Defendant is without sufficient knowledge or information in which to form a belief as to the truth of same, and therefore, out of an abundance of caution, denies same. This answering Defendant would specifically show that he did not commit any act or omission towards the Plaintiff which would constitute a violation of the Plaintiff's constitutional or other rights, and/or which would amount to an actionable tort against this Defendant.

RELIEF

In response to the allegations contained in Paragraph IV entitled "RELIEF," this Defendant denies each and every allegation contained therein, and specifically denies that he is liable to Plaintiff in any manner nor for any sum of money or damages whatsoever.

This answering Defendant specifically denies each and every allegation and averment of Plaintiff's Complaint, together with all related, attached Exhibits which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

RESPONSE TO ORDER (DN 9)

AND NOW, in response to the allegations of the Response to Order (DN 9), filed on June 20, 2007, this Defendant answers Paragraph by Paragraph as follows:

1.(a) This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1.(a), and therefore, out of an abundance of caution, denies same.

(b)  This Defendant admits that no indictment was returned against Plaintiff for the sexual battery charge.  All remaining allegations and averments contained in Paragraph 1.(b) are denied.

(c)    This Defendant admits that these are the first and last names of these named Defendants contained in Paragraph 1. (c), but would deny that they are liable to the Plaintiff for any claim alleged against them.

(d) 1.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1.(d). 1., but out of an abundance of caution would deny same.

(d) 2.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1.(d) 2., but out of an abundance of caution would deny same.

(d) 3.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained Paragraph 1. (d) 3., but out of an abundance of caution would deny same.

(e) 1.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (e) 1., but out of an abundance of caution would deny same.

(e) 2.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (e) 2., but out of an abundance of caution would deny same.

(e) 3.  This Defendant is without sufficient knowledge or information with which to form

a belief as to the truth of the allegations contained in Paragraph 1. (e) 3., but out of an abundance of caution would deny same.

(e) 4.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (e) 4., but out of an abundance of caution this Defendant denies same.

(f) 1.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 1., but out of an abundance of caution this Defendant denies same.

(f) 2.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 2., but out of an abundance of caution this Defendant denies same.

(f) 3.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 3., but out of an abundance of caution this Defendant denies same.

(f) 4.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 4., but out of an abundance of caution this Defendant denies same.

(f) 5.  This Defendant is without sufficient knowledge or information  with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 5., but out of an abundance of caution this Defendant denies same.

(f) 6.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 6., but out of an

abundance of caution this Defendant denies same.

(f) 7.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (f) 7., but out of an abundance of caution this Defendant denies same.

(f) 8.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained n Paragraph 1. (f) 8., but out of an abundance of caution this Defendant denies same.

(g) 1.  Defendant Rick Gaston admits that he was employed by the Harrison County Sheriff's Department, but denies that he "became involved" with violating any of Plaintiff's constitutional rights in any manner whatsoever, and all other allegations and averments contained in Paragraph 1. (g) 1. are denied.

(g) 2.  This Defendant denies the allegations and averments contained in both paragraphs of Paragraph 1. (g) 2.

(h) 1.  This Defendant is without sufficient knowledge or information  with which to form a belief as to the truth of the allegations contained in Paragraph 1. (h) 1., but out of an abundance of caution this Defendant denies same.

(h) 2.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1 (h) 2., but out of an abundance of caution, denies same.

(h) 3.  This Defendant is without sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 1. (h) 3., but out of an abundance of caution, denies same.

This Defendant specifically denies each and every remaining allegation and averment of Plaintiff's Response to Order (DN 9), and any and all related "Exhibits," "Amendments," and "Conclusions" which have not been specifically admitted, regardless of Paragraph number or lack thereof, or Paragraph letter, or lack thereof; and this Defendant, in particular, denies that he "knew of a subordinate's misconduct and failed to take action to remedy it" as stated by Plaintiff in the first paragraph of Amendment (3) on page 10 of Document No. 9.

<u>RESPONSE TO REQUEST TO AMEND COMPLAINT<br>AND ADD ADDITIONAL DEFENDANTS (DN10)</u>

AND NOW, in response to the allegations of the Request to Amend Complaint and Add Additional Defendants (DN 10), this Defendant answers Paragraph by Paragraph as follows:

PARTIES

The allegations contained in the first unnumbered Paragraph are admitted.

In response to the statements contained in the second unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Donald A. Cabana was employed at the HCADC during the relevant times of the subject of this lawsuit.

In response to the statements contained in the third unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that George H. Payne, Jr. was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the fourth unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Carolyn Pendergast was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the fifth unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Steve Campbell was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the sixth unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Kenneth Rogers was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the seventh unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Earl Leonard was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the eighth unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Nathan Ellsberry was employed at the HCACD during the relevant times of the subject of this lawsuit.

In response to the statements contained in the ninth unnumbered Paragraph this Defendant admits that he was employed at the HCACD during the relevant times of the

subject of this lawsuit. This answering Defendant would further show that all the allegations against this Defendant are unfounded in law and fact, and are hereby denied in their entirety.

In response to the statements contained in the tenth unnumbered Paragraph this Defendant would show that this allegation is not directed at this answering Defendant but would state that Elaine Lege was employed at the HCACD during the relevant times of the subject of this lawsuit.

FACTS

In response to the statements contained in the first unnumbered Paragraph, beginning on Page 3, upon this Defendants information and belief, Defendant would admit that on or about August 25, 2006, the Plaintiff was assigned and resided in Cell 213, C-Block, D-Section in the HCADC, and that the Plaintiff's cell mate was Joseph Kane Guilbeau, but this Defendant is without sufficient knowledge or information to form a belief as to the veracity of the remaining allegations. Therefore, out of an abundance of caution, the remaining allegations are denied.

In response to the statements contained in the second unnumbered Paragraph, this answering Defendant would admit that on or about September 1, 2006, an inspection and search for contraband of C-Block, D-Section took place and that the Plaintiff was subsequently transferred to B-Block, D-Section, but this Defendant is without sufficient knowledge or information to for a belief as to the veracity of the remaining allegations. Therefore, out of an abundance of caution, the remaining allegations are denied.

In response to the statements contained in the third unnumbered Paragraph, this

answering Defendant is without sufficient knowledge or information to form a belief as to the veracity of all the allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the fourth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the fifth unnumbered Paragraph, these allegations are denied.

In response to the statements made in the sixth unnumbered Paragraph, these allegations are denied.

In response to the statements made in the seventh unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution, denies same.

In response to the statements made in the eighth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution denies same.

In response to the statements made in the ninth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution

denies same.

In response to the statements made in the tenth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegation are denied.

In response to the statements made in the eleventh unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the twelfth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the thirteenth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the fourteenth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements made in the fifteenth unnumbered Paragraph this

answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the allegations contained in the sixteenth unnumbered Paragraph, these allegations are denied.

In the response to the statements contained in the seventeenth unnumbered Paragraph, this answering Defendant is without sufficient knowledge or information to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution these allegations are denied.

In response to the statements contained in the eighteenth unnumbered Paragraph, these allegations are denied.

In response to the statements made in the unnumbered Paragraph beginning with "WHEREFORE," on Page 7, these allegations and averments are denied by this answering Defendant, and further this Defendant specifically denies that he is in any way liable to the Plaintiff or any sum of money or other damages whatsoever.

This answering Defendant specifically denies each and every allegation and averment contained in Plaintiff's Request to Amend Complaint and Add Additional Defendants (DN 10), filed on August 27, 2007, and any and all allegations which have not been specifically admitted, regardless of Paragraph number or lack thereof, or Paragraph letter or lack thereof. This Defendant further specifically denies that he is any way liable to the Plaintiff for any sum of money or other damages whatsoever.

RESPONSE TO ORDER (DN 16)

AND NOW, in response to the allegations and averments contained in Response to Order (DN 16), filed November 5, 2007, including but not limited to Paragraphs (a) through (d), Amendments A – F, and all other subparts, this answering Defendant is without sufficient knowledge or information in which to form a belief as to the veracity of these allegations, and therefore, out of an abundance of caution, each and every of said allegations are hereby denied.

## RESPONSE TO REQUEST TO ADD DOCUMENTS (DN 17)

AND NOW, in response to the allegations of the Request to Add Documents (DN 17), filed on November 7, 2007, this answering Defendant answers Paragraph by Paragraph as follows:

The allegations and averments contained in Paragraph I are denied.

The allegations and averments contained in Paragraph II are denied.

The allegations and averments contained in Paragraph III are denied.

In response to the statements made in Paragraph IV, including the attached "exhibits, " upon this Defendant's knowledge and belief, he would admit that the Plaintiff was involved in an incident on or about August 29, 2006, at the HCADC, but this Defendant is without sufficient knowledge or information to form a belief as to the remaining allegations and averments, and therefore, out of an abundance of caution, these allegations are denied.

In response to the allegations and averments contained in Paragraph V, this answering Defendant denies same.

In response to the allegations and averments contained in Paragraph VI, this

Defendant admits that Exhibits A through G are official forms and reports that were used during the time relevant to the subject of this lawsuit at the HCADC, but to the extent these allegations seek to impose liability against this Defendant, the same is hereby denied.

This Defendant specifically denies each and every allegation and averment of the Plaintiff's Request to Add Documents (DN 17), filed on November 7, 2007, together with all of its "Exhibits," "Amendments" and "Conclusions" which have not been specifically admitted, regardless of Paragraph number or lack therefore, or Paragraph letter or lack thereof.

<u>RESPONSE TO REQUEST TO AMEND COMPLAINT</u>
<u>AND ADD ADDITIONAL DEFENDANTS (DN 18)</u>

AND NOW, in response the allegations of the Request to Amend Complaint and Add Additional Defendants (DN 18) this answering Defendant answers Paragraph by Paragraph as follows:

1. The allegations averments contained in Paragraph I are denied.

2. The allegations and averments contained in Paragraph II are denied.

3. This Defendant admits that in November 2007 the Plaintiff received an Order from the Harrison County Circuit Court which indicated "No True Bill" had been returned from the Grand Jury on the sexual battery charge. All other remaining allegations an averments contained in Paragraph III are denied.

4. To any extent the allegations and averments contained in Paragraph IV seek to impose liability on this Defendant, the same are denied.

5. The allegations and averments contained in Paragraph V are denied.

6. The allegations and averments contained in Paragraph VI are denied.

7. The allegations and averments contained in Paragraph VII are denied. This Defendant further denies all other allegations contained in other unnumbered and/or unlettered paragraphs, and specifically denies that he is liable to the Plaintiff in any amount of money or other damages whatsoever.

In response to the allegations contained in the unnumbered paragraph beginning with the word "WHEREFORE," these allegations are denied, and this Defendant specifically denies that he is any way liable to the Plaintiff in any amount of money or other damages whatsoever.

This Defendant specifically denies each and every remaining allegation of the Plaintiff's Request to Amend Complaint and Add Additional Defendants (DN 18) and any and all related allegations which have not been specifically admitted, regardless of Paragraph number or lack thereof, or Paragraph letter or lack thereof. This Defendant specifically denies that he is any way liable to the Plaintiff for any sum of money or other damages whatsoever.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint (DN 1), Response to Order (DN 9), Request to Amend Complaint and Add Additional Defendants, (DN10), Response to Order (DN 16), Request to Add Documents (DN 17), and Request to Amend Complaint and Add Additional Defendants, (DN 18), this answering Defendant asserts the following defenses and affirmative defenses to be shown and proven at a

trial or a hearing of this matter:

## I.

The Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office and/or the Harrison County Adult Detention Center which later could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against this Defendant pursuant to 42 U.S.C. Section 1983.

## II.

This Defendant invokes the provision of Section 85-5-7 Miss. Code Ann., 1972, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

## III.

This Defendant pleads all applicable privileges and immunities under both state and federal law, including but not limited to, the common law and statutory doctrines of sovereign immunity, absolute immunity, and qualified immunity. This Defendant states that he is protected by sovereign and absolute immunity. This Defendant, in his individual capacity, states that he is protected by qualified immunity against any claims for penalties, damages, punitive damages, attorney's fees, or any other damages as requested in the Plaintiff's pleadings.

## IV.

To the extent that Plaintiffs pleadings found in the Complaint (DN1), Response to

Order (DN 9), Request to Amend Complaint and Add Additional Defendants (DN10), Response to Order (DN 16) Request to Add Documents (DN 17) and Request to Amend Complaint and Add Additional Defendants (DN 18), raise any claim under Mississippi law, this Defendant specifically pleads all protections to which he is entitled pursuant to Section 11-46-1, et.seq., of the Mississippi Code of 1972, commonly referred to as the Mississippi Tort Claims Act, including but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendant's right to a bench trial; and all limitations on liability contained therein.

V.

This Defendant specifically pleads Miss. Code Ann. Section 11-46(1) (c) which exempts governmental entities from the waiver of sovereign immunity for any claim arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection, unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

VI.

This Defendant specifically pleads Miss. Code Ann. Section 11-46-9(1)(d) which exempts governmental entities from the waiver of sovereign immunity for any claim based upon the exercise or performance or the failure to exercise or perform a discretionary act or function or duty on the part of a governmental entity or employee thereof, whether or not the discretion is abused.

## VII.

This Defendant specifically pleads Miss. Code Ann. Section 11-46-9(1)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, … or other such institution, regardless of such claimant is or is not an inmate of any detention center, jail, … or other such institution where the claim in filed.

## VIII.

This Defendant would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by this Defendant were reasonable, proper and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. This Defendant would show that he was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff. This Defendant would further show that all officers were properly and adequately trained and supervised. Additionally, this Defendant would show that all policies and procedures pertaining to the operation of the HCADC were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

## IX.

This Defendant would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, he acted in a professional manner and conducted any and all of his interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management, and/or supervision, and the

applicable grievance procedures.  Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing the individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly.  As such to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated Plaintiff's rights or any other provision of federal or state law.

## X.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

## XI.

That this Defendant reserves his right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to these allegations, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages.  In addition, or in the alternative, this Defendant would affirmatively show that Plaintiff failed to mitigate his damages and this Defendant is therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

## XII.

This Defendant specifically pleads the doctrines of contributory and comparative

negligence.

XIII.

This Defendant would further show that Plaintiff's Complaint (DN 1), Response to Order (DN 9), Request to Amend Complaint and Add Defendants (DN 10), Response to Order (DN 16), Request to Add Documents (DN 17) and Request to Amend Complaint and Add Defendants (DN 18), to the extent that they seek punitive or exemplary damages, violate certain provisions of the United States Constitution and the Mississippi Constitution, including but not limited to, the following:

It violates the Defendant's protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Mississippi Constitution.

It further violates the Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Mississippi Constitution.

It violates the Fourteenth Amendment as said Amendment guarantees this Defendant equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendant on the basis of wealth.

XIV.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that this Defendant is subjected to criminal sanctions through punitive damages, the burden of

proof for imposing punitive damages is "beyond a reasonable doubt."

XV.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office and/or the Harrison County Adult Detention Center which led or could have led to the alleged constitutional deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against this Defendant pursuant to 42 U.S.C. Section 1983. The Harrison County Sheriff 's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

XVI.

To extent the Plaintiff has not exhausted this administrative remedies, this Defendant would show that this cause of action should be dismissed.

XVII.

This Defendant specifically invokes and pleads all defenses to which he may be entitled under the Prison Litigation Reform Act, 42 U.S.C. Section 1997e(e).

XVIII.

This Defendant would show that the Plaintiff was afforded all protections due him under the United States Constitution, that any actions by this Defendant were reasonable, proper and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional standards and that there was no violation whatsoever of any of Plaintiff's constitutional rights. This

Defendant would show that he was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for protection from harm from other inmates. This Defendant would further show that all officers were properly and adequately trained and supervised. Additionally, this Defendant would show that any and all policies and procedures pertaining to the operation and the staff of the Harrison County Adult Detention Center were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

XIX.

This Defendant would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. This Defendant would further show that he did not have actual, subjective knowledge of a substantial risk of serious harm to Plaintiff nor did he respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

XX.

This Defendant would show and aver that any damages incurred, the same being denied, were solely, directly and proximately the result of the negligent and/or intentional acts or omission of Plaintiff and/or persons other than this answering Defendant, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve this Defendant herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening

and/or superseding cause such as to bar the Plaintiff's claims against this Defendant.

## XXI.

This Defendant would show that any and all actions on his part were in a good faith effort to maintain order and discipline at the Harrison County Adult Detention Center.

## XXII.

This Defendant specifically asserts that any cause of action asserted by the Plaintiff is barred by the applicable statute of limitations.

## XXIII.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering punitive damages under federal law against a municipality.

## XXIV.

The subject of Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance, regulation, or decision officially adopted and/or promulgated by this Defendant. This Defendant neither promulgated nor condoned any policy, custom, or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of the Plaintiff.

## XXV.

This Defendant specifically denies each and every material allegation and averments contained in Plaintiff's Complaint (DN 1), Response to Order (DN 9), Request to Amend Complaint and Add Additional Defendants (DN 10), Response to Order (DN 16), Request to Add Documents (DN 17, and Request to Amend

Complaint and Add Additional Defendants (DN 18), and all exhibits, attachments, amendments, conclusions which have not been specifically admitted, regardless of paragraph number or lack thereof, or paragraph letter or lack thereof.

XXVI.

This Defendant further reserves the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.  The Plaintiff's claims against this Defendant are at best "vague and ambiguous," and as to what legal grounds are asserted.  As such, this Defendant reserves the right to amend or supplement upon a cognizable legal claim.

AND NOW, having fully answered and set forth his Answer, Defenses and Affirmative Defenses to Plaintiff's Complaint (DN 1), Response to Order (DN 9), Request to Amend Complaint and Add Additional Defendants (DN 10), Response to Order (DN 16) Request to Add Documents (DN 17) and Request to Amend Complaint and Add Additional Defendants (DN 18), this Defendant respectfully requests that he be dismissed from this civil action with costs assessed to the Plaintiff.

RESEPCTFULLY SUBMITTED this _____ day of March, 2008.

RICK GASTON, Officially and
in His Individual Capacity,
Defendant

BY:	JAMES L. DAVIS, III
Attorney for Defendant

*/s/  JAMES L. DAVIS, III* 
JAMES L. DAVIS, III

<u>CERTIFICATE OF SERVICE</u>

     I, James L. Davis, III, Attorney for Rick Gaston, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing Answer, Defenses and Affirmative Defenses with the Clerk of Court using the ECF filing system, and further that I have mailed by first class, United States mail, postage prepaid, a true and correct copy of same to:

Jerome D. Johnson
Inmate # 257256
Pascagoula Restitution Center
P. O. Box 427
Pascagoula, MS 39568

     THIS the _____ day of March, 2008.

*/s/ James L. Davis, III*_____
JAMES L. DAVIS, III

James L. Davis, III
Attorney at Law
1904 – 24th Avenue
P. O. Box 1839
Gulfport, MS 39502
Ph: 228/864-1588
Fx: 228/863-5008