IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEROME D. JOHNSON                                                          PLAINTIFF

V.                                              CIVIL ACTION NO. 1:07cv539LG-JMR

DONALD A. CABANA, et al.                                                 DEFENDANTS

**MOTION FOR QUALIFIED IMMUNITY AND SUMMARY JUDGMENT
OF DEFENDANT'S DONALD A. CABANA, EARL LEONARD, CAROLYN
PRENDERGAST, STEVE CAMPBELL, GEORGE PAYNE, KENNETH
ROGERS, NATHAN ELLSBERRY and ELAINE LEGE, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES**

COME NOW, Defendants, Donald A. Cabana ("Cabana"), Earl Leonard ("Leonard"), Carolyn Prendergast ("Prendergast"), Steve Campbell ("Campbell"), George H. Payne, Jr. ("Payne"), Kenneth Rogers ("Rogers"), Nathan Ellsberry ("Ellsberry") and Elaine Lege ("Lege"), all officially and in their individual capacities, by and through the law firm of Dukes, Dukes, Keating & Faneca, P.A., and file this their Motion for Qualified Immunity and Summary Judgment, as follows:

**I.**

Plaintiff filed this *pro se* suit against Defendants Cabana, Leonard, Prendergast, Gaston, and Campbell, on April 16, 2007, alleging violations of his constitutional rights while incarcerated at the Harrison County Adult Detention Center ("HCADC"), and specifically regarding Plaintiff's claim that he was falsely charged with sexual assault of another inmate and then falsely incarcerated awaiting prosecution; beginning with the charge in September 2006 and continuing through to a Grand Jury's "No True Bill" being returned in October 2007. See DN 1.

-1-

**II.**

On August 27, 2007, Plaintiff filed his Amended Complaint seeking to add Payne, Rogers, Ellsberry, and Lege as Defendants. See DN 10. Defendants filed their Answer on January 24, 2008. See DN 23. On November 7, 2007, Plaintiff filed his Request to Add Documents (See DN 17), and seeking to add an additional claim regarding an altercation with four inmates which is alleged to have occurred on or about August 29, 2007.

**III.**

These Defendants are entitled to qualified immunity on plaintiff's individual capacity § 1983 Claims. Defendants in their individual capacities are entitled to assert the defense of qualified immunity. See Gagne v. City of Galveston, 805 F.2d 558, 559 (5th Cir. 1986). In addressing qualified immunity at the summary judgment stage, the Court here must find that Plaintiff can demonstrate that all reasonable officials would conclude that the Defendants' actions violated a federally protected right. Whiting v. Tunica County, 222 F.Supp. 2d 809, 815-16(N.D. Miss. 2002) See id. at 818. If reasonable officers could disagree on this issue, immunity applies. See id. (citing Poe v. Leonard, 282 F.3d 123, 125 (2nd Cir. 2002). Each Defendants' conduct herein was objectively reasonable. At worst, even if reasonable officers could disagree as to whether their actions violated a constitutional right and whether their actions were reasonable, they are immune. See id.

**IV.**

The case of Baker v. McCollan, 443 U.S. 137 (1979), means that Plaintiff has not alleged the deprivation of a constitutional right by these Defendants. The Baker Court held that the Fourteenth Amendment does not protect against all deprivations of liberty, only those accomplished "without due process of law." See id. at 145. Courts within the Fifth Circuit have repeatedly applied this principle, holding that where a plaintiff is arrested on a facially valid warrant, there is no claim of

a deprivation of rights secured by the Constitution and therefore no claim stated under section 1983. See Simons v. Clemons, 752 F.2d 1053, 1055 (5th Cir. 1985); Winslow v. Dallas County Sheriff Dept., 2004 U.S. Dist. LEXIS 25137, *4-6(N.D. Tex. Dec. 13, 2004); Jackson v. Jackson County, 956 F.Supp 1294, 1298-99 (S.D. Miss. 1995).

In this case there was clearly sufficient facts to support probable cause and the issuance of the warrant against the Plaintiff for sexual battery. Because Plaintiff's warrant and arrest were based upon probable cause and because Plaintiff admits that the officer's investigation was conducted "legally and by the book", Plaintiff's situation in this case is similar to that presented in Baker. That is, absent an attack on the validity of the warrant under which he was incarcerated and awaiting prosecution of the criminal charge, Plaintiff's complaint is simply that despite his isolated and mostly unsubstantiated protests, he was detained for a long period of time. Plaintiff's claims, like those in Baker, do not rise to the level of a constitutional violation.

## V.

The amount of time Plaintiff waited for his sexual assault charge to be prosecuted and presented to the Grand Jury does not rise to the level of a constitutional violation, against these Defendants. Regardless of the length of time involved, merely negligent conduct cannot be the basis for a claim under the Fourteenth Amendment. See Robertson v. Bowles, 2002 U.S. Dist. LEXIS 3822, *9-10 (N.D. Tex. Mar. 8, 2002); See also Martin v. Dallas County, 822 F.2d 553, 555 (5th Cir. 1987); Winslow v. Dallas County Sheriff's Dept., 2004 U.S. Dist. LEXIS 25137, *5 (N.D. Tex. Dec. 13, 2004); Sanders v. English, 950 F.2d 1152 (5th Cir. 1992); Simmons v. McElveen, 846 F.2d 337 (5th Cir. 1988).

In this case, based on the undisputed facts there is simply no evidence that any of these Defendants' conduct, at worst, rose above the level of mere negligence. Based upon the foregoing

authority, a lack of intentional conduct precludes a violation of substantive due process, as a matter of law. While the time that Plaintiff waited for the District Attorney to prosecute the criminal charge did not occur as efficiently and expeditiously as the Plaintiff would have liked, the conduct of all Defendants could not exceed the arguable level of negligence. As such, the amount of time Plaintiff waited for his sexual assault charge to be prosecuted and presented to the Grand Jury does not rise to the level of a constitutional violation, and all Plaintiff's claims should be dismissed.

**VI.**

Plaintiff's claim for false arrest/imprisonment fails to state a constitutional violation and Defendants are entitled to qualified immunity on this claim because Plaintiff's arrest was based upon probable cause. See Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004); Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001).

**VII.**

Plaintiff's claim for malicious prosecution fails to state a constitutional violation and Defendants are entitled to qualified immunity on this claim, and because Plaintiff's arrest was based upon probable cause. See Haggerty at 658, citing Castellano v. Fragozo, 352 F.3d 939, 942 (5th Cir. 2003); Doines v. Johnson, 2006 U.S. Dist. LEXIS 9902 *10 (N.D. Tex. 2006). Additionally, the only possible Defendant that could be charged with malicious prosecution would be Defendant Prendergast, as such all other Defendants should be dismissed from this claim. See Bankston v. Pass Road Tire Ctr., 611 So. 2d 998, (Miss. 1992).

**VIII.**

Plaintiff's conspiracy claims against these Defendants fail because no allegation exits that would allow any inference that these Defendants conspired to deprive Plaintiff of his constitutional rights, nor can he present any facts showing an agreement between these Defendants. See Stuart v.

Frazier, 2002 U.S. Dist. LEXIS 9169, * 8 - 9 (N.D. Tex. 2002). Plaintiff offers only conclusory allegations of conspiracy and this insufficient as a matter of law. See Stuart, 2002 U.S. Dist. LEXIS 9169 at 9, citing Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). Additionally, Plaintiff has failed to establish any underlying violations of his constitutional rights in the first place. Whenever there has been no underlying violation of section 1983, no actionable conspiracy follows. Id. at 11. In this case, Plaintiff's conspiracy claims fail as a matter of law.

**IX.**

Even assuming the violation of a constitutional right by these Defendants, their conduct was objectively reasonable under the circumstances. Even if Plaintiff could show that any of these Defendants failed to remedy any of his complaints, this does not violate a constitutional right. See Allen v. Herrera, 2006 U.S. Dist. LEXIS 75292 * 15 (S.D. Tex 2006). Additionally, even if any of these Defendants were aware of Plaintiff's alleged grievances and claims of innocence, but failed to personally investigate those claims, this is at worst negligence, and therefore not a constitutional violation. See Sanders v. English, 950 F.2d 1152 (5th Cir. 1992).

Furthermore, Plaintiff's primary complaints seem to suggest these Defendants failed to follow their policies and procedures (which Plaintiff somehow believes has the force and effect of law), and thus violated his due process rights. Since these Defendants can establish that Plaintiff's constitutional due process minima has been met, even if the policies and procedures were not followed (which is denied), this argument fails. See Woods v. Charmichael, 2007 U.S. Dist. LEXIS 88808 *5 (S.D. Miss. 2007), citing Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

**X.**

Plaintiff's official capacity Section 1983 claims fail as to each Defendant. A plaintiff must establish the existence of three elements to make a claim for section 1983 municipal liability: (1)

the existence of a policy maker; (2) the existence of an official policy; and (3) the violation of constitutional rights whose "moving force" is the policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). According to the Fifth Circuit, municipal liability cannot be predicated on the theory of respondeat superior, so that the alleged unconstitutional conduct must be directly attributable to the municipality through some sort of official action. See Piotrowski, 237 F.3d at 578. Plaintiff cannot satisfy the required elements of an official capacity claims, and these Defendants are entitled to judgment as a matter of law.

**XI.**

To the extent the Complaint(s) and claims made by Plaintiff could be construed to allege claims under state law, they are barred by provisions of the Mississippi Tort Claims Act**,** Miss. Code Ann. § 11-46-1, et seq. Specifically, the Tort Claims Act protects each of these Defendants from any state law claims being raised by Plaintiff. Because each Defendants' conduct was objectively reasonable in light of clearly established constitutional law by definition their conduct could not have risen to the level of reckless disregard, and therefore they are immune. Police officers and law enforcement agencies engaged in police protection are liable for reckless acts only. See Maldonado v. Kelly, 768 So. 2d 906, 906 (Miss. 2000). Reckless disregard is conduct which is accompanied by "almost an intention" that harm should follow from it. That is clearly not what occurred here.

**XII.**

Plaintiff's claims against Defendants Payne and Cabana for the alleged incident of August 29, 2007 also fail. On November 7, 2007, Plaintiff filed his Request to Add the Following Seven (7) Documents ("Request") (DN 17), which appears to add a claim and thus amend his Complaint; regarding an altercation which he alleges occurred on August 29, 2007. Plaintiff's Request was not

titled, nor represented to the Court as a request to amend Plaintiff's Complaint, and there is no Order from the Court treating it as such. Plaintiff failed to seek leave of this Court, nor did he receive written consent from these Defendants. As such it is in violation of Fed. R. Civ. P., 15, and should be stricken. However, should the Court consider this incident, the actions of both Payne and Cabana, officially and individually, do not rise to the level of violating the Plaintiff's constitutional rights, and/or their actions were objectively reasonable under the circumstances.

## XIII.

In support of this Motion Defendants rely upon the following:

| | | |
|---|---|---|
| Exhibit "A" | - | Deposition of Jerome D. Johnson; |
| Exhibit "B" | - | Multi-Count Indictment; |
| Exhibit "C" | - | Warrant for Arrest on Violation of Probation; |
| Exhibit "D" | - | Inmate Request Form (Loisel) August 31, 2006; |
| Exhibit "E" | - | Investigative Report; Carolyn Prendergast; |
| Exhibit "F" | - | Affidavit of Carolyn Prendergast; |
| "F1" | - | General Order No. 18, Crime Scene Investigations; |
| "F2" | - | Investigative Report of Carolyn Prendergast; |
| Exhibit "G" | - | Rule Violation Report; and Narratives; |
| Exhibit "H" | - | Affidavit of Eric Tarpley; |
| "H1" | | Rule Violation Report, Detention Report, and Segregation Confinement Record; |
| Exhibit "I" | - | Search Warrant and Warrant of Jerome D. Johnson; |
| Exhibit "J" | - | Certificate of Initial Appearance; |
| Exhibit "K" | - | Mittimus; |

| | | |
|---|---|---|
| Exhibit "L" | - | Mississippi Crime Lab Evidence Submission Form; |
| Exhibit "M" | - | Case File Receipt; |
| Exhibit "N" | - | HCSD Property Invoice; |
| Exhibit "O" | - | Jefferson Parish DNA Report and Invoice; |
| "O1" | - | DNA Report Cover Letter to DA's Office |
| Exhibit "P" | - | Correspondence from Cono Caranna to Carolyn Prendergast; |
| Exhibit "Q" | - | Inmate Grievance Form dated February 21, 2007; |
| Exhibit "R" | - | First Step Response Form, February 23, 2007; |
| Exhibit "S" | - | Affidavit of George Payne Jr.; |
| "S1" | - | Policies and Procedures including: Facility Goals, purpose and Mission; Code of Ethics; Chain of Command; Discipline Procedure; Inmate Housing & Observation; Training for Correctional Officers; and Inmate Handbook; |
| "S2" | - | General Order No.65 Professional Standards Unit; |
| "S3" | - | General Order No. 18 Crime Scene Investigations; |
| "S4" | - | Inmate Grievance Policy; |
| Exhibit "T" | - | Inmate Second Step Relief Request Form, February 26, 2007; |
| Exhibit "U" | - | Second Step Response Form, March 6, 2007; |
| Exhibit "V" | - | Affidavit of Warden Donald A. Cabana; |
| "V1" | - | Inmate Grievance; |
| "V2" | - | Inmate Second Step Relief Request Form; |
| Exhibit W" | - | Inmate Request Form, March 25, 2007; |
| Exhibit "X" | - | Affidavit of Earl Leonard; |

| "X1" - | Narrative of Sgt. Ellsberry; |
| "X2" - | Inmate Request Form, March 25, 2007; |
| "X3" - | Inmate Grievance Policy; |
| Exhibit "Y" - | Affidavit of Nathan Ellsberry; |
| "Y1" - | Narrative of Sgt. Ellsberry; |
| Exhibit "Z" - | Affidavit of Steve Campbell; |
| "Z1" - | General Order No. 65 Professional Standards Unit; |
| Exhibit "AA" - | Affidavit of Kenneth Rogers; |
| "AA1" - | Inmate Grievance Form, February 21, 2007 and First Step Response Form; |
| Exhibit "BB" - | Affidavit of Elaine Lege; |
| "BB1" - | Rule Violation Report. |

Defendants further rely upon their Memorandum of Authorities in Support of Defendant's Donald A. Cabana, Earl Leonard, Carolyn Prendergast, Steve Campbell, George H. Payne, Jr., Kenneth Rogers, Nathan Ellsberry, and Elaine Lege, submitted to the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendants file this their Motion for Qualified Immunity and Summary Judgment and respectfully move this honorable Court to enter an Order granting Defendants' Motion and dismissing this Civil Action against them with prejudice, and with costs. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 4th day of August, 2008.

**DONALD A. CABANA, EARL LEONARD, CAROLYN PENDERGAST, STEVE CAMPBELL, GEORGE H. PAYNE, JR., KENNETH ROGERS, NATHAN ELLSBERRY AND ELAINE LEGE, ALL OFFICIALLY AND IN THEIR INDIVIDUAL CAPACITIES**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:  */s/ Cy Faneca*
CY FANECA, MSB #5128

Cy Faneca, MSB #5128
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
Post Office Drawer W
Gulfport, Mississippi 39502
**Telephone:** (228) 868-1111
**Facsimile:** (228) 863-2886

## CERTIFICATE OF SERVICE

  I, CY FANECA, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

  Jerome D. Johnson, #257256
  Pascagoula Restitution Center
  Post Office Box 427
  Pascagoula, Mississippi  39568

  Ian Brendell
  Post Office Box 1521
  Gulfport, MS 39501

  Karen Young, Esq.
  Meadows Law Firm
  1902 21st Avenue
  Post Office Box 1076
  Gulfport, Mississippi  39502

THIS, the 4th day of August, 2008.

        */s/ Cy Faneca*
        CY FANECA
        JON TINER