# IN THE UNITED STATES DISTRICT COURT
## OF THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JEROME D. JOHNSON**                                                                   **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:07cv539LG-JMR**

**DONALD A. CABANA, et al.**                                                     **DEFENDANTS**

STATE OF MISSISSIPPI

COUNTY OF HARRISON

## AFFIDAVIT OF CORRECTIONS OFFICER EARL LEONARD
## HARRISON COUNTY SHERIFF'S OFFICE

PERSONALLY CAME AND APPEARED BEFORE ME the undersigned authority in and for the County and State aforesaid, the within named EARL LEONARD who, after first being duly sworn by me on his oath, did depose and state the following:

1.    My name is EARL LEONARD, and I am over the age of twenty-one (21) years.  I am currently a Lieutenant at the Harrison County Adult Detention Center.  At all times relevant to Plaintiff's claims, I held the position of Sergeant at the Harrison County Adult Detention Center.  I have personal knowledge of the matters and facts contained in this Affidavit and I am competent to testify to the matters stated herein.

2.    At no time during my tenure as Sergeant at the HCADC was I given the task or responsibility of investigating any criminal matter arising at the HCADC. It is the policy of the HCADC that criminal charges against inmates are investigated through the Criminal Investigation Division.

3.    On September 1, 2006 myself and Sergeant Ellsberry were the first officers



**EXHIBIT**

tabbies®    "X"

to speak to inmate Loisel about a sexual assault claim allegedly involving Jerome Johnson. Myself and Sergeant Ellsberry made arrangements to have inmate Loisel taken to Memorial Hospital for a victim sexual assault kit to be performed. Sergeant Ellsberry prepared the Officer's Narrative Form Report regarding the incident. See Narrative Form prepared by Sergeant Ellsberry attached hereto as **Exhibit "1"**.

4. Jerome Johnson forwarded a Inmate Request Form dated March 25, 2007 to me inquiring as to the status of his criminal charge for sexual assault. I responded to Plaintiff's request by informing him to speak to K. Wilkerson. See Inmate Grievance Form attached hereto as **Exhibit "2"**.

5. At all relevant times alleged in Plaintiffs Complaint(s), including those arising at the HCADC, employees (including all defendants identified in this cause of action), provided grievance channels to inmates in accordance to the HCADC Policies and Procedures manual pertaining to Inmate Grievances. See Inmate Grievances policy attached hereto as **Exhibit "3"**.

5. As it relates to Plaintiff's sexual assault charge, that matter was conducted through CID. I had no personal involvement in that investigation, nor did I have any knowledge of the status of the prosecution of this matter.

6. At the time, I believed that my actions were objectively responsible in light of the information available to me at the time.

7. All policies attached hereto represent policies and procedures which were in place and effect at the time of the subject incident.

I certify the above declaration is true and correct under penalty of perjury.

_Earl Leonard_
Affiant/Earl Leonard
Harrison County, Mississippi

Sworn to and subscribed before me on this the __1st__ day of __August__, 2008.

_Stacey Schu..._
Notary Public

My Commission Expires:

__1/28/09__
(SEAL)

| ☐ Juvenile Involved | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☒ Original Report | Type Incident/Crime: | | Date of This Report | | Date of Original Report | | | |
| ☐ Offense Supplement | Informational | | 8-31-06 | | 8-31-06 | | | |
| ☐ Custody Supplement | Suspect/Victim Name | | List Complaint Numbers | | of Connected Cases | | | |
| ☐ Other | Loisel, Eugene Anthony #289589 | | | | | | | |

| Status | Qty. | Article | Brand/Make | Model Name | Description | Serial No. or OAN | Value |
|---|---|---|---|---|---|---|---|
| 9/1/06 | | | | | | | |

On 8-31-06 at approximately 0315 hours Sergeant Ellsberry and Sergeant Leonard spoke to inmate Eugene Anthony Loisel III in reference to a possible rape in C-Block D-Section. Inmate Loisel reported that 02 black males from the top tier came in his cell and jumped on him. He reported that one held him(Loisel) down while the other raped him. Sergeant Ellsberry asked inmate Loisel if he sustained any injuries during the incident. Inmate Loisel said that he did not fight them because he knew he could not win. Sergeant Ellsberry asked Inmate Loisel if he knew the names of the individuals that assaulted him. Inmate Loisel advised that he was new to the section and that he did not know anyones name. Sergeant Ellsberry asked inmate Loisel if he(Loisel) knew what cell the inmates were in. Inmate Loisel said that he knew that they were from the top tier. He believed that 01 lived in cell #231 and the other either lived in 229 or 228. Sergeant Ellsberry called Sergeant Mathis in booking and had him print out pictures of the inmates located in that cell. Inmate Loisel pointed out inmates Jerome Dontae Johnson #287256 and Michael Tyrone Blackmon #289284. Sergeant Ellsberry asked if the inmates had any distinctive scars, marks or tattoos that they could be identified by. Inmate Loisel said that 01 inmate had a tattoo on his right arm that read Gautier Soldier. Inmate Loisel was examined by Medical staff. Medical nurse Hartley reported to Sergeant Ellsberry that a determination could not be made at this time because there was no distinctive scarring to suggest a forcible rape but he should be watched until he is able to use the restroom so that the medical staff can determine if he has any blood or semen in his stool. Inmate Loisel was escorted back to the block to get his property and was placed in medical until further notice. Sergeant Ellsberry advised that a report would be completed and passed on to my(Ellsberry) superiors and with their an investigator would be contacted. End of report.

DISPOSITION
☐ A. Cleared Adult Arrest
☐ B. Cleared Exceptional Adult
☐ C. Cleared Juvenile Custody
☐ D. Cleared Exceptional Juvenile
☐ E. Unfounded
☐ F. Other
☐ G. Suspended Closed

| Reporting Officer: | Division | Reviewing Supervisor: | Disposition Date |
|---|---|---|---|
| No. 154   Name Sgt. Ellsberry | Corrections | No.        Name | |

EXHIBIT

"1"

ART. LIEUTENANT LEONARD

## Harrison County Adult Detention Center

George H. Payne, Jr., Sheriff

# Inmate Request Form

Date of Request: MARCH 25 2007

Docket #: 287256   Date Incarcerated DECEMBER B 20  Block B   Section A

Inmate Name: JOHNSON, JEROME   Birthdate: 1-16-76

### (PLEASE CIRCLE ONLY ONE)

| | | |
|---|---|---|
| CLASSIFICATION | BEDDING | COUNSELLING |
| LEGAL | CLOTHING | G.E.D./ADULT BASIC SKILLS |
| PROPERTY | INDIGENT | LIFE LEARNING PROGRAM |
| RECORDS | INMATE ACCOUNTS | TRUSTEE |
| CHAPLAIN | (SHIFT SUPERVISOR) | WARDEN |

**Explain Need Below:**

Lieutenant Leonard I spoke with you numerous of occasion on the matter of this Sexual Battery charge I received from September 1st raided of C-Block, D Section. You are fully aware of this Charge, as being the reporting officer. This ip grade in mose mistake charge is hindering me from being with my family. On March 22, I was thus delay again on a probation violation hearing, because the C.I.D investigator Carolyn Pendergast is said to be on paternity leave of absent. I do not understand why this injustice is being hand to me, this guy just straight lied and me and my family must suffer. please tell me why?? For I Hand no wrong doing in this matter period !!

### (Inmate DO NOT WRITE below this line)

**Staff Response:**

You need to speak to K. Wilkerson

LT. Leonard

**Date Received:**          **Date Completed:**
**By:**                     **By:**

3-ALDF-3E-11 implemented 10/06

EXHIBIT

tabbies

"2"

# INMATE GRIEVANCE

**POLICY:** It is the policy of the Harrison County Adult Detention Center to provide to the inmates housed in it's facilities an internal grievance mechanism for the resolution of complaints arising from institutional matters. The intent is to reduce the need for litigation and afford the staff an opportunity to improve jail operations.

## PROCEDURE:

### I. GENERAL INFORMATION

The Security Captain may appoint a Corrections Officer to fulfill the duties of the Grievance Officer who will be responsible for investigating and responding to all grievances. Shift Supervisors may also be charged with answering grievances.

All Corrections Officers, or other employees who receive a grievance must attempt to resolve the issue raised on the grievance if it falls within the responsibilities of his or her job description.

The grievance should state clearly the time, date, and names of all parties involved with all pertinent details of the incident or complaint.

Should a grievance make accusation of questionable acts or impropriety on the part of a Corrections Staff Member, the grievance will be forwarded to the Security Captain. A written response to the inmate will be made within ten working days of receipt of the grievance.

### II. FILING

An inmate may file a grievance at any time to bring a problem to the attention of the staff or to appeal a specific action. An inmate may file only for him/herself, although an inmate may assist another inmate in filing. Only one grievance may be filled out at a time on any one single incident or item of concern. An inmate may withdraw a grievance at any time. No staff member will retaliate against an inmate for filing or withdrawing a grievance.

EXHIBIT

"3"

## III. BASIS FOR GRIEVANCES

A grievance may be filed for any one of the following reasons:

1. Lost property
2. Staff conduct
3. Conditions/confinement
4. Policy/procedures
5. Incidents
6. Reprisals
7. Mail
8. Discipline/classification

Only issues regarding activities within the facility can be addressed in the grievance procedure. Disciplinary actions have an appeal process and are not addressed in the grievance procedure. Issues relating to the Courts, Attorneys, and other issues over which the Harrison County Adult Detention Center has no control cannot be addressed in the grievance procedure. A grievance filed concerning any of these issues will be returned to the inmate with an explanation as to why it was returned.

## IV. REVIEW

If an inmate registers a complaint against a staff member, that employee shall not play a part in making a decision on the request. However, this shall not prevent the employee from being questioned or providing a narrative concerning the incident.

## V. GRIEVANCE CLASSIFICATION

A grievance will be classified as either an informal, standard, or emergency grievance.

**Informal Grievance** – may be resolved by staff at any level without the complete processing of a formal grievance.

**Standard Grievance** — may be processed through normal channels because there is not an immediate threat to the welfare or safety of an inmate.

**Emergency Grievance** — must be processed expeditiously because there appears to be an immediate threat to the welfare of an inmate.

## VI. INFORMAL GRIEVANCE

An inmate may verbally submit a grievance to any Corrections Officer. When presented with an informal grievance, the Corrections Officer may initiate corrective action if the actions is within the normal scope of the officers duties,

the officer will advise the Shift Supervisor. The Shift supervisor will attempt to resolve the matter or have the inmate initiate a standard grievance at their discretion.

## VII. STANDARD GRIEVANCE

An inmate may file a formal grievance within 30 days after a potential grievable event has occurred. The inmate must submit a detailed description of the occurrence in written form. All grievances will be forwarded to the Grievance Officer or Security Captain by way of the request cart. Grievances sent to the Director of Corrections will be given to the Grievance Officer for further investigation. Once the investigation has been completed the Investigating Officer will notify the inmate in written form of corrective action if necessary. The shift Supervisor may delay an investigation of a grievance until employees who may have knowledge of the incident are on duty to respond.

## VIII. EMERGENCY GRIEVANCE

Once an emergency grievance has been submitted the officer will immediately contact his/her Shift Supervisor. The Shift supervisor will be responsible for determining whether the situation is in deed life threatening. In the event the situation appears to be life threatening the Shift Supervisor will contact the Security Captain and corrective measures will be taken at that time.

## IX. GRIEVANCE OFFICER

The Grievance Officer will process and investigate all standard grievances. The Grievance officer will conduct interviews with all individuals involved in order to verify facts. Once the investigation has been completed a written response will be submitted to the inmate who filed the grievance, inmate file, grievance file. A monthly report of grievances addressed will be submitted to the Security Captain Chief of Security and the Director of Corrections.

## X. GRIEVANCE APPEALS

An inmate may file a written appeal within 72 hours of the Grievance Officers decision. The appeal will be forwarded to the Security Captain for review. The Security Captain will respond to the inmate in writing regarding the outcome of his/her appeal, additionally, a copy will be placed in the inmates file. In the event the inmate has been released or transferred a copy will be forwarded to their new location, where possible. A copy of the appeal will be sent to the Director of Corrections for review.

## XI.  RECORDS

Once the grievance process has been completed a complete copy of all documents (i.e., original grievance, investigation note & final disposition) will be forwarded to Record to include in the inmate's custody file.

_Riley_ _____
Facility Administrator

_01/01/01_ _____
Effective Date

*Harrison County Adult Detention Center*
*Policy and Procedures Directives*

## INMATE GRIEVANCE

**Policy:**     It is the policy of the Harrison County Adult Detention Center to provide to the inmates housed in its facilities an internal grievance mechanism for the resolution of complaints arising from institutional matters. The intent is to reduce the need for litigation and afford the staff an opportunity to improve jail operations.

**Procedure:**

### I.    General Information

The Warden will designate a Corrections Officer to fulfill the duties of the Grievance Officer who will be responsible for coordinating investigations and responding to all grievances.

All employees who receive a grievance must respond in the manner prescribed by policy.

The grievance should state clearly the time, date, and names of all parties involved with all pertinent details of the incident or complaint.

Should a grievance make accusation of questionable acts or impropriety on the part of a Corrections Staff Member, the grievance will be forwarded to the Warden. A written response to the inmate will be made within ten days of receipt of the grievance.

### II.    Filing

An inmate may file a grievance at any time to bring a problem to the attention of the staff or to appeal a specific action. An inmate may file only for him/herself, although an inmate may assist another inmate in filing. Only one grievance may be filled out at a time on any one single incident or item of concern. An inmate may withdraw a grievance at any time. No staff member will retaliate against an inmate for filing or withdrawing a grievance.

### III.    Basis for Grievances

A grievance may be filed for any one of the following reasons:
1.  Lost property
2.  Staff conduct
3.  Conditions/confinement
4.  Policy/procedures
5.  Incidents
6.  Reprisals
7.  Mail

Only issues regarding activities within the facility can be addressed in the grievance procedure. Disciplinary actions have an appeal process and are not addressed in the grievance procedure. Issues relating to the courts,

attorneys, and other issues over which the Harrison County Adult Detention Center has no control cannot be addressed in the grievance procedure. A grievance filed concerning any of these issues will be returned to the inmate with an explanation as to why it was returned.

## IV.   Review

If an inmate registers a complaint against a staff member, that employee shall not play a part in making a decision on the request. However, this shall not prevent the employee from being questioned or providing a narrative concerning the incident.

## V.   Grievance Classification

A grievance will be classified as either an informal, standard, or emergency grievance.

Informal Grievance – may be resolved by staff at any level without the complete processing of a formal grievance.

Standard Grievance – may be processed through normal channels because there is not an immediate threat to the welfare or safety of an inmate.

Emergency Grievance – must be processed expeditiously because there appears to be an immediate threat to the welfare of an inmate.

## VI.   Informal Grievance

An inmate may verbally submit a grievance to any Corrections Officer. When presented with an informal grievance, the Corrections Officer will advise the Watch Commander and may initiate corrective action, if the action is within the normal scope of the officer's duties. The Watch Commander will attempt to resolve the matter or have the inmate initiate a standard grievance at their discretion.

## VII.   Standard Grievance

An inmate may file a formal grievance within 30 days after a potential grievable event has occurred. The inmate must submit a detailed description of the occurrence in written form using the prescribed Grievance Form. All grievances will be forwarded to the Grievance officer by way of the request cart. Newly initiated grievances sent to the Warden will be given to the Grievance Officer for Step 1 response. Once Step 1 response has been completed the Grievance Officer will return the response in written form to the inmate. If the inmate is not satisfied with the Step 1 response, he/she may send a request to the Grievance Officer for a Step 2 response from the Warden.

## VIII.   Emergency Grievance

Once an emergency grievance has been submitted, the officer will immediately contact the Grievance Officer, or in his/her absence, the Watch Commander. The Watch Commander and/or Grievance Officer will be responsible for determining whether the situation is in deed life threatening. In the event the situation appears to be life threatening the Watch

Commander will contact the Warden and corrective measures will be taken at that time.

## IX.    **Grievance Officer**

The Grievance Officer will process and investigate all grievances. The Grievance Officer will coordinate all steps of the process. A monthly report of grievances addressed will be submitted to the Warden.

## X.    **Records**

Once the grievance process has been completed a complete copy (hard and electronic) of all documents will be maintained by the Grievance Officer, and a copy placed in the inmate's record.

_____
Warden

_____
Effective Date

# Harrison County Adult Detention Center

## Inmate Grievance Form

To:    Grievance Officer

From: _____

      Inmate Name                  Docket #                  Unit

Date: _____

This is a grievance concerning:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## Harrison County Adult Detention Center

Inmate Grievance Form

(IGF-1)

## Inmate Relief Request Form

Grievance Number _____ - _____ - _____

Type or use ball-point pen.

To: _____
<br>First Step Respondent

HCADC / HCWC
<br>Location – Circle One

From: _____
<br>Inmate's Name and Docket Number

_____
<br>Housing Unit

_____
<br>Date of Incident

☐ **Accepted**    This request comes to you from the Grievance Officer. See the attached request from the inmate. Please return your response to this office within 10 days of this date.

☐ **Rejected**    Your request has been rejected for the following reason(s):

_____

_____

_____

_____

_____        _____
<br>Date                                                        Grievance Officer

## Second Step

On _____ (date), I received a written response to my First Step request. I am not satisfied with this response because:

_____

_____

_____

_____

Therefore, I am commencing the Second Step by sending this form and the First Step response (IGF-2), to the Warden. This request must reach the Warden's office within 5 days of my receiving the First Step response.

_____        _____
<br>Date                                                        Signature

Inmate Grievance Form
(IGF-2)

# Harrison County Adult Detention Center

## First Step Response Form

Grievance Number _____ - _____ - _____

Type or use ball-point pen.  You must return your response to the Grievance Officer within 10 days of the date the request was initiated.

To: _____          _____
　　　　Inmate Name and Docket Number                              Housing Unit

From: _____          _____
　　　Person to whom 1st Step is Directed                    Title/Location

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____          _____
　　Date                              Signature

If you are not satisfied with this response, you may go to Step 2 by filling out the second step section of Form IGF-1 and sending copies of Step 1 and Step 2 to the Warden. It must be received in the Warden's office within 5 days of the date of this response.

Instructions to respondent:  Send original IGF-1 with IGF-2 to the Grievance Officer. **Note:** A copy of all documents referenced in the response must be attached and returned to the Grievance Officer.

**Instruction to Inmate:** This original is for you to keep.

Inmate Grievance Form

# Harrison County Adult Detention Center

(IGF-3)

## Second Step Response Form

Grievance Number _____ - _____ - _____

Type or use ball-point pen.  You must return your response to the Grievance Officer within 10 days of the date the request was initiated.

To: _____          _____
               Inmate Name and Docket Number                                    Housing Unit

From: _____          **HCADC/HCWC**
             Warden                                                                             Location-Circle One

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
          Date                                                         Warden's Signature

This is the final step in the Inmate Grievance process.

**Instructions to Warden:**  Send original and Step 2 copy to the Grievance Officer.

**Instruction to Inmate:**  This original is for you to keep.